UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT COATES,                                    Case No. 20-11101
     Plaintiff,
      v.                                            Gershwin A. Drain
                                     United States District Judge
TERESA KIK and MARGUERITE
HOWARD,                                            Curtis Ivy, Jr.
     Defendants.                                   United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF No. 51)**

## I.  PROCEDURAL HISTORY

Plaintiff Vincent Coates filed this civil rights lawsuit on April 3, 2020, without the assistance of counsel.  (ECF No. 1).  The only claim that remains is his First Amendment retaliation claim against Defendants Teresa Kik and Marguerite Howard.  Defendants moved for summary judgment on the claim.  (ECF No. 51). This case was referred to the undersigned for all pretrial matters.  (ECF No. 57).

For the reasons below, the undersigned recommends that the motion for summary judgment be **GRANTED**.

## II.  FACTUAL BACKGROUND

The facts begin with former defendant Castilla's alleged comments and actions towards Plaintiff at the G. Robert Cotton Correctional Facility on August 1,

2017. Plaintiff alleges that Castilla bullied him and sexually harassed him. (ECF No. 1, PageID.12-13). Plaintiff filed a Prison Rape Elimination Act ("PREA") grievance regarding the alleged sexual harassment on August 2, 2017. (*Id.* at PageID.13, ¶ 31).

The claim against Defendants Kik and Howard is that they retaliated against him for filing the PREA grievance by orchestrating a prison transfer and loss of his medical accommodation. He alleges in his verified complaint that on August 22, 2017, Kik told him that a corrections officer sees him in the "weight pit all the time" and asked what his medical accommodations were. (*Id.* at PageID.14, ¶ 36). Plaintiff told her he had a light-duty medical detail that does not specify that he cannot go into the weight pit. Kik then asked Plaintiff "What is this problem you have with officer Castilla?" (*Id.* at ¶ 38). Kik then called Castilla to her office and asked about the problem with Plaintiff. Castilla told Kik that Plaintiff was complaining that he sexually harassed Plaintiff. He told Kik "I'd appreciate it if you'd get him out of here." (*Id.* at ¶ 41). Kik told Plaintiff that she'd known Castilla for years and would try to get Plaintiff moved. (*Id.* at PageID.15, ¶ 42).

Later that day, Kik emailed Defendant Howard and another prison official asking what Plaintiff's medical accommodations were and whether he was medically clear for transfer. (*Id.* at ¶ 44). Minutes later Kik sent them follow-up emails stating that Plaintiff is seen in the weight pit all the time. Howard

2

responded to the email stating that Plaintiff needed to stay in a 90-mile radius because of an off-site appointment scheduled later that year.  (*Id.* at ¶¶ 45-46).  Kik responded to Howard asking whether Plaintiff is on light duty and whether he can be in the weight pit.  Kik also emailed another prison official stating that Plaintiff can transfer to another prison within a 90-mile radius, that he is "level II/I with  0 points."  (*Id.* at PageID.16, ¶ 48).  That day Plaintiff's light duty medical accommodation was rescinded by former defendant Garduno-Klynstra, replaced with an order that he could not work on yard crew since the purpose of the original detail to was to keep him off yard work.  Plaintiff said the change was punitive. (ECF No. 51-6, PageID.534).

On August 23, 2017, a non-defendant emailed Kik and other officials to screen nine prisoners, including Plaintiff, for transfer.  (ECF No. 1, PageID.16, ¶ 52).  On August 31, 2017, Plaintiff was transferred.  (*Id.* at PageID.17, ¶ 53).

Plaintiff alleges his medical detail was changed and he was transferred in retaliation for filing a PREA grievance and complaining to other officers about Castilla.

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   <u>Governing Standards</u>

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion."

4

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro.*

*Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The

nonmovant must, however, do more than simply show that there is some

metaphysical doubt as to the material facts, there must be evidence upon which a

reasonable jury could return a verdict in favor of the non-moving party to create a

genuine dispute.") (internal quotation marks and citation omitted).  In other words,

summary judgment is appropriate when "a motion for summary judgment is

properly made and supported and the nonmoving party fails to respond with a

showing sufficient to establish an essential element of its case. . . ." *Stansberry*,

651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule

56.  Rather, "liberal treatment of *pro se* pleadings does not require lenient

treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338,

344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary

judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema*,

*N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'"

*Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th

Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315

(11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary

judgment, a party cannot rely on allegations or denials in unsworn filings and that a

party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc*., 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

B.   Discussion

1.   First Amendment Retaliation

To succeed on a First  Amendment retaliation claim, a plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Defendants do not contest that Plaintiff engaged in protected conduct.

"[A]n adverse action is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) (quoting *Thaddeus-X*, 175 F.3d at 396).  A *de minimis* adverse action does not rise to the level of a constitutional violation.  *Id.*  But the *de minimis* "threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Thaddeus–X*, 175 F.3d at 398.

6

Generally, transfers from one prison to another prison of the same security level are not adverse actions. *See Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003). A transfer can be an adverse action when it results in foreseeable negative consequences to the prisoner. *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). Transfers resulting in, for example, the loss of a high-paying job, fewer rehabilitative programs, less access to the library, fewer recreational opportunities, and greater distance from family prohibiting visits can rise to the level of adverse action. *See Adams v. Lewis*, 2023 WL 443804, at *3 (E.D. Tenn. Jan. 26, 2023) (collecting cases).

Plaintiff acknowledges that he carries the burden of showing that the transfer effected more than a *de minimis* injury. (ECF No. 53, PageID.574). That said, he did not allege or show any negative consequences flowing from the transfer. During his deposition he testified that it cost more for his family to drive from Detroit to see him at the new facility, (ECF No. 51-4, PageID.528), but not that the distance was prohibitive of visits. Plaintiff also testified that he lost his job as a result of the transfer. (*Id.*). Prison records, however, indicate that he did not have a job in August when he was transferred. (*See* ECF No. 51-8). Plaintiff does not contest the accuracy of that prison record. No reasonable jury could conclude that he lost his job as a result of the transfer. Finally, he points to Castilla's comments and actions towards him, but Castilla was dismissed from this lawsuit. (ECF No.

53, PageID.574, 576-77).  Castilla's actions and comments have no bearing on whether the later transfer was sufficiently adverse.[1]

Because transfers without negative consequences are not deemed adverse action, the transfer here should not constitute the same.  Thus, the retaliatory transfer claim fails on this element.  Since the claim fails here, the undersigned will not address the final element, whether retaliation was the but-for cause of the transfer.

Plaintiff alleges the change in his medical detail from light duty to "no yard work" without medical justification was retaliatory.  Defendants did not address this claim other than to say that the transfer did not exacerbate a medical condition.  Plaintiff also did not address this claim in his response brief.  In any event, under the Prison Litigation Reform Act, the Court shall sua sponte dismiss a prisoner's § 1983 suit "at any time" if it determines that the action is frivolous or fails to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (imposing same requirements for complaints filed *in forma pauperis*).

---

[1] Defendants argue that a temporary interruption in access to a legal writer is not adverse action.  (ECF No. 51, PageID.501-02).  Plaintiff did not allege a loss of access to a legal writer and did not address a legal writer issue in his response brief.  The legal writer issue came up on a motion Plaintiff filed during July 2022.  (ECF No. 42).  The undersigned will not address a claim related to loss of a legal writer since Plaintiff did not raise the claim in the complaint.

The causation element of retaliation cannot be satisfied where the defendant is not the decision-maker. *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (holding that one of the defendants' comments did not demonstrate a causal connection between plaintiff's filing of grievances and the decision to transfer plaintiff because it was uncontroverted that the defendant making the comment was not the decision-maker in the case); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir.1999) (holding that despite prisoner's allegation that prison employees instigated the loss of his commissary position, the prison employees cannot be liable on plaintiff's retaliation claim because they were not involved in the decision to terminate the plaintiff); *Bush v. Dictaphone Corp.,* 161 F.3d 363, 369 (6th Cir.1998) (holding that statements by nondecision-makers cannot suffice to satisfy the plaintiff's burden of demonstrating animus).  Plaintiff alleges that Kik and Howard exchanged emails about Plaintiff's medical accommodation and Kik questioned whether the accommodation still applied.  But then he alleges that former defendant nurse practitioner Garduno-Klynstra rescinded the light duty medical accommodation, not Kik or Howard.  (ECF No. 1, PageID.15-16).  In other words, he alleges that the decision-maker was Garduno-Klynstra, and Kik and Howard only made comments or asked questions about the medical accommodation.  Since Kik and Howard were not decisions makers on Plaintiff's

9

medical accommodations, Plaintiff failed to state a claim to relief against them for retaliation.

In sum, the undersigned suggests that the retaliation claim be dismissed for lack of adverse action on the transfer claim and lack of causation on the medical accommodation claim.

### 2.    Conspiracy

"[T]o prevail on a § 1983 civil conspiracy claim, the plaintiff must show an underlying constitutional violation."  *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 462 (6th Cir. 2011).  Without an unlawful action causing injury, a plaintiff cannot prove the elements required to support a claim for conspiracy.  *Graham v. City of Mentor*, 118 F. App'x 27, 32 (6th Cir. 2004) (affirming dismissal of conspiracy claim where plaintiffs failed to show viable underlying retaliation claim).  The underlying constitutional violation is retaliation.  Because the undersigned has concluded that Defendants are entitled to summary judgment on that claim, they are also entitled to summary judgment on the civil conspiracy claim.  *See Bradford v. Owens*, 2016 WL 7015662, *23 (W.D. Ky. Nov. 29, 2016) ("[B]ecause this Court has concluded that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims, his civil conspiracy claim necessarily fails.").

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (ECF No. 51) be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

11

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

    Date:  March 17, 2023.          <u>s/Curtis Ivy, Jr.</u>
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

    The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on March 17, 2023.

                                        <u>s/Kristen MacKay</u>
                                        Case Manager
                                        (810) 341-7850